UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERROLL SANDERS,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KIMBERLY BAKER et al.,<br>　　　　　　　　Defendants. | Case No. 24-12314<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 26), VACATING ORDER OF DISMISSAL (ECF NO. 25), AND REOPENING CASE**

## I.　Introduction

Pro se plaintiff Jerroll Sanders filed this diversity action against defendants Kimberly Baker, Carlos Hamilton, Gary Hamilton, Terra Page, and Deborah Cobb, asserting claims of slander and libel, tortious interference with contract, malicious prosecution, restitution for physical assault, restitution for theft of money, harassment, and invalidation of will and asset seizure. ECF No. 1. On October 8, 2024, the Court ordered Sanders to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction after a review of the complaint showed the parties were not diverse. *See* ECF No. 8. Sanders responded to the order

to show cause and asserted the Court has diversity jurisdiction over her claims because she is domiciled in Missouri. ECF No. 14, PageID.137. In support of her assertion, Sanders provided the Court with a copy of an expired Missouri driver's license, *see id.* at PageID.139, and claimed she is "physically present in Missouri when not caring for her elderly parents in Detroit." *Id.* at PageID.137. The Court was not persuaded and dismissed Sanders' complaint without prejudice for want of subject matter jurisdiction. ECF No. 25.

Pursuant to Federal Rule of Civil Procedure 59(e) and Eastern District of Michigan Local Rule 7.1(h), Sanders moves the Court to reconsider its decision to dismiss her case and provides additional documentation to support her assertion of diversity jurisdiction. For the reasons that follow, the Court grants the motion.

## II. Standard of Review

Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th

Cir. 2010). A motion under Rule 59(e) is not, however, a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Leisure Caviar*, 616 F.3d at 616 (noting movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). In the Sixth Circuit, "[t]he grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (quoting *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005)).

Local Rule 7.1(h)(2) articulates that motions for reconsideration of non-final orders are disfavored, must be filed within 14 days after the entry of the order, and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and the law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). A motion for reconsideration is not a proper means "to re-hash old arguments." *Smith ex rel. Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. March 23, 2022) (quoting *Collins v, Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

### III.     Analysis

Sanders requests the Court reconsider its order (ECF No. 25) dismissing her complaint without prejudice for lack of subject matter jurisdiction. Sanders asserts the Court erred in "its jurisdictional analysis on all fronts…" by: (1) relying on Sanders' use of her Detroit address in her pleadings; (2) rejecting her expired Missouri driver's license as evidence of domicile; (3) citing a 2017 case previously filed by Sanders as a basis for denying diversity jurisdiction; and (4) using Sanders' statement that she spends 95% of her time in Michigan is its determination that the parties were not diverse. ECF No. 26, PageID.374-376.

The party seeking the federal forum has the burden of establishing federal jurisdiction. "It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). When a litigant cannot establish the diversity of the parties, the Court is not permitted to "presume the existence of federal jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

For purposes of diversity jurisdiction, citizenship is synonymous with domicile. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968). "[A] change in domicile requires only the concurrence of (1) physical presence at the new location with (2) an intention to remain there indefinitely, or the absence of any intention to go elsewhere." *Holmes v. Sopuch*, 639 F.2d 431, 433 (8th Cir. 1981) (citation omitted).

"Even though a party may have several places of residence, he or she may have only one domicile at a given time." *Chappelle v. Beacon Communications Corp.*, 683 F.Supp. 179, 181 (S.D.N.Y.1994) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)). A domicile is distinguished from a residence by the "permanency and scope" of a party's

presence at either location. It is "the place where a person dwells and which is the center of his domestic, social, and civil life." *Id*. at 181 (citations omitted).

In determining domicile, the Court must focus on a party's intent and the entire course of their conduct. "Items to examine include, but are not limited to: the places where civil and political rights are exercised, taxes paid, real and personal property located, driver's and other licenses obtained, bank accounts maintained; the location of club and church membership and places of business or employment; whether the party rents or owns his residence; how permanent the living arrangement appears; affiliations with social organizations; and the locations of the party's physician, lawyer, accountant, dentist, stockbroker, and other service providers." *Tocco v. Tocco*, 2006 WL 1494957, *2 (E.D. Mich. May 24, 2006) (citing *Bateman v. E.I. DuPont De Nemours & Co.*, 7 F.Supp.2d 910, 912 (E.D.Mich.1998)).

As previously discussed, Sanders' complaint—which asserts only state law claims against defendants—did not properly plead diversity jurisdiction, and she did not meet her burden in establishing that the Court

had jurisdiction over this case in her response to the order to show cause. Thus, the Court did not err by dismissing her case for lack of jurisdiction.

Nevertheless, the Court is persuaded that vacating its previous order and reinstating Sanders' case is appropriate given the new evidence she has provided. In her motion for reconsideration, Sanders has now supplied the Court with a renewed Missouri driver's license, proof of automobile insurance, legal mail—all of which include the address of her asserted Missouri domicile—and a boarding pass showing recent travel to her domicile state. *See* ECF No. 26, PageID.382-385. Although this information could have been provided at the time of this case's inception, the Court acknowledges Sanders is proceeding without the assistance of counsel and "[t]he drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity of applicable legal principles, and *pro se* litigants should not be precluded from resorting to the court merely for want of sophistication." *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

## IV. Conclusion

Accordingly, the Court **GRANTS** Sanders' motion for reconsideration (ECF No. 26), **VACATES** its previous order of dismissal (ECF No. 25), and

directs the Clerk of Court to **REOPEN** the case and restore it to the active docket. Sanders must file an amended complaint that properly pleads diversity jurisdiction within **fourteen (14) days** of receipt of this order.

    **IT IS SO ORDERED.**

Dated: June 23, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge